Albert I. CASSELL, Appellant,

v.

Elder Lightfoot Solomon MICHAUX,
et al., Appellees.

No. 13308.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 23, 1956.

Decided Dec. 20, 1956.

Mr. Bernard Margolius, Washington, D. C., with whom Messrs. Warren E. Magee, Carleton U. Edwards, II, and Ralph H. Deckelbaum, Washington, D. C., were on the brief, for appellant.

Mr. Robert L. Ackerly, Washington, D. C., with whom Mr. Richard K. Lyon, Washington, D. C., was on the brief, for appellees.

Before BAZELON, WASHINGTON and DANAHER, Circuit Judges.

WASHINGTON, Circuit Judge.

This case presents a question involving the relationship of Rules 15(a) and

5. Whether or not definiteness may be waived at the trial is not before us.

54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., dealing respectively with amended pleadings and judgment upon multiple claims.[1]

On November 2, 1954, appellant, plaintiff below, filed a complaint containing multiple claims. Count 3 of the complaint asserted claims for loans and fees allegedly owed plaintiff by defendants. Appellees thereafter filed a motion to dismiss or strike the complaint, attacking Count 3 on the ground that almost all the services were rendered and all the loans were made more than three years prior to the filing of the complaint and were therefore barred by the statute of limitations. D.C.Code 1951, § 12–201. On March 4, 1955, the trial court issued an order, which, *inter alia,* dismissed Count 3 with prejudice, except as to the claim for services rendered subsequent to November 2, 1951. On January 17, 1956, appellant filed a second amended complaint,[2] which included the substance of Count 3 of the original complaint plus the allegation of an agreement by the appellant and appellees whereby no reimbursements for loans or salary were to be made until the corporate defendants' financial position was such that these payments "would not interfere with or affect their financial situations."

On January 27, 1956, in response to a motion that appellees had made on October 5, 1955, requesting action under Rule 54(b), the trial court issued an order amending its earlier order of March 4, 1955, insofar as that order applied to Count 3 of the original complaint. The court stated that there was no just reason for delay and therefore ordered entry of final judgment, dismissing Count 3 with the exception of the claim for salary accruing after November 2, 1951. This amending order is the subject of the present appeal. Appellant contends primarily that the amending order deprived him of his right under Rule 15(a) to amend Count 3.

The question, therefore, is whether one count of a complaint which includes multiple claims may be amended as of right or by leave of court after a trial judge has dismissed the count but before the dismissal has become final under Rule 54(b). If the complaint contained only one claim, the right to amend

---

1. Rule 15(a) provides:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. * * * "

Rule 54(b) provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

2. We note parenthetically that plaintiff had, prior to this, filed a first amended complaint, which included the claims of Count 3 of his original complaint. At a hearing upon defendants' motion to dismiss the first amended complaint, the trial court objected to the length of the complaint and granted leave to withdraw it and redraft it in a more concise form. In so doing, the trial judge explicitly stated that he was not ruling upon or interpreting the action which another judge of the District Court had previously taken (in the order of March 4, 1955) in dismissing Count 3 with prejudice. In these circumstances, leave to amend the first amended complaint had no effect on plaintiff's right to amend Count 3. That right is affected only by the order of March 4, 1955, dismissing Count 3 with prejudice, and by the order of January 27, 1956, directing entry of final judgment upon the order of March 4, 1955. See text, *infra.* Both of these orders were issued by the same judge of the District Court.

once as of course prior to a responsive pleading would be terminated by a judgment of dismissal. United States v. Newbury Mfg. Co., 1 Cir., 1941, 123 F. 2d 453; 3 Moore, Federal Practice 15.10 (2d ed. 1948). Thereafter efforts to amend a complaint presumably must first be directed to reopening the judgment under Rules 59(a) or 60(b). Safeway Stores, Inc., v. Coe, 1943, 78 U.S.App.D. C. 19, 136 F.2d 771, 148 A.L.R. 782; United States v. Newbury Mfg. Co., supra. But in the instant case an effort to amend the dismissed count was made before entry of a final judgment of dismissal. No responsive pleadings have ever been filed by the defendants. In these circumstances, what right of amendment exists? We think the order of March 4, 1955, dismissing Count 3 with prejudice, terminated the right to amend as of course. By this action the trial court indicated that it tentatively agreed with appellees' contention that the claims of Count 3 were barred by the statute of limitations. But by not making the determinations necessary to effect finality under Rule 54(b), the trial court left its tentative decision of dismissal subject to revision at the court's discretion. See Republic of China v. American Express Co., 2 Cir., 1951, 190 F.2d 334, 338–339; 6 Moore, Federal Practice 54.42 (2d ed. 1953). The attempt to amend Count 3 sought to invoke the exercise of that discretion. The

amended count purported to remedy the defect of the original complaint,[3] and at the hearing on defendants' motion for a final order under Rule 54(b), plaintiff's counsel requested the trial court to consider the merits of the complaint as amended.

■ In promulgating its order of January 27, 1956, finalizing its previous order,[4] the trial court apparently did not give weight to the mandate of Rule 15(a) that leave to amend must be "freely given when justice so requires." See 3 Moore, Federal Practice 15.08 (2d ed. 1948). Apparently the court did not exercise its discretion as to whether or not, under the circumstances, justice required that plaintiff should be allowed to amend his complaint.[5] We think it was incumbent upon the court to give adequate consideration to that problem.

Accordingly, the judgment must be reversed and the cause remanded to the District Court with directions to consider whether plaintiff should in the interests of justice be allowed to amend Count 3 of his original complaint by substituting the corresponding claims of his second amended complaint. Cf. Banks v. Associated Indemnity Corp., 5 Cir., 1947, 161 F.2d 305, 314; Felton v. Spiro, 6 Cir., 1897, 78 F. 576.

Reversed and remanded with directions.

3. We do not express any view, at this stage, as to whether it does so or not. Appellant makes no contention that Count 3 of the original complaint was not subject to dismissal, under the statute of limitations.

4. Such subsequent finalization, in a proper case, has been held permissible. Republic of China v. American Express Co., supra; Lyman v. Remington Rand, Inc., 2 Cir., 1951, 188 F.2d 306.

5. In issuing the amending order, the trial court stated: "The Court's view is, since confusion has arisen as to what this order of February 21 [sic], 1955 meant, that that should be clarified, and accordingly, I am going to pass this order today." We should add that we intend no criticism of the trial judge. Certainly plaintiff could well have been more explicit in indicating to the court the precise nature of the relief he sought.