**1901 WYOMING AVENUE COOPERATIVE ASSOCIATION, a corporation, Appellant,**

v.

**Margaret D. LEE, a/k/a Margaret D. Napper, Appellee.**

**No. 6732.**

District of Columbia Court of Appeals.

Argued Dec. 14, 1972.

Decided Feb. 27, 1973.

---

Stuart H. Robeson, Washington, D. C., for appellant.

B. Michael Rauh, Washington, D. C., participated at oral argument for appellee.

Before PAIR, YEAGLEY and HARRIS, Associate Judges.

PER CURIAM:

Appellant brought an action seeking an order that appellee's "perpetual use" of the apartment she had purchased in appellant's cooperative "be terminated". Appellee filed an answer pro se and later her attorney filed a motion for summary judgment[1] which was granted on December 28, 1971. In response to appellant's timely motion to reconsider the order of December 28, 1971,

the court on March 8, 1972, denied the motion, reaffirmed its granting of summary judgment for appellee and dismissed the complaint.

The judgment entered on the latter motion was not appealed and is not in issue here. The only issue raised is the propriety of the trial court's denial on July 10, 1972, of appellant's motion to reconsider its order of June 23, 1972, denying appellant's motion to amend the complaint. The latter motion was not filed until May 22, 1972, thirty-five days after the last entry on the docket which was a court order clarifying the aforementioned orders of December 28, 1971, and March 8, 1972. We affirm.

Superior Court Civil Rule 15(a) provides in pertinent part: "A party may amend his pleadings once as a matter of course at any time before a responsive pleading is served . . . . " We note that appellee had mailed to the clerk of the trial court on June 30, 1971, her pro se answer to the complaint. That answer was marked "filed" on July 2, 1971. Although the record does not reflect that a copy of the answer was served on appellant, a copy was admittedly received by appellant through the mails bearing the date of June 30, 1971. Further, the existence of the answer was referred to in a motion for a continuance filed by appellee's attorney when he was first retained. Even though appellee's answer was not in customary legal form, having no caption, all of the essentials of a caption were contained in the first sentence of the answer.[2] Its thrust was clear and served to inform appellant of appellee's defense. Further, at no time prior to the filing of appellee's motion for summary judgment, which was not until December 3, 1971, did appellant contend that appellee was in default for failure to plead. We agree with the court's finding in the order of March 8, 1972, "that a trial would not produce any further facts." Consequently, the judgment entered was a reso-

---

1. Super.Ct.Civ.R. 56(b) which is identical to Fed.R.Civ.P. 56(b).

2. *See* 5 Wright & Miller, Federal Practice & Procedure § 1321, at 461.

lution of the merits.[3] The time for taking an appeal from that order lapsed and no effort was made to reopen or set aside the judgment under Superior Court Civil Rule 60(b).

We know of no law or rule permitting a party at such a late date to circumvent the finality of a judgment by seeking to amend his complaint.[4] Not finding error on the part of the trial court in refusing to reconsider the denial of the motion to amend the complaint, the order is

Affirmed.

---

3. Martucci v. Mayer, 210 F.2d 259 (3d Cir. 1954); 6 J. Moore, Federal Practice ¶ 56.03, at 2051 (2d ed. 1948).

4. *See* Cassell v. Michaux, 99 U.S.App.D.C. 375, 240 F.2d 406 (1956); Safeway Stores v. Coe, 78 U.S.App.D.C. 19, 136 F.2d 771 (1943); 6 Wright & Miller, Federal Practice & Procedure § 1489, at 445.