John Robert HILL, Individually and as the Administrator of the Estate of Robert McDonald Hill, Deceased, and Baird McDonald Hill, Individually, Plaintiffs–Appellants,

v.

CITY OF INDIANAPOLIS, Indianapolis Police Department, Chief of Police James D. Toler, Officer Wallace E. Shobe, Officer Paul Conley, Officer Phil Beaver, Officer Donald B. Terheide and Other Unknown Officers, Defendants–Appellees.

No. 93–1893.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 28, 1993.

Decided March 1, 1994.

Dawn E. Wellman (argued), James L. Brand, William S. Graebe, Brand & Allen, Greenfield, IN, for John Robert Hill and Baird McDonald Hill.

David M. Wallman, Dist. Atty. Gen. (argued), Andrew P. Wirick, Corp. Counsel, City County Legal Dept., Indianapolis, IN, for City of Indianapolis, Indianapolis Police Dept. and Chief of Police.

John C. Ruckelshaus, Leo T. Blackwell, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, IN, for Wallace E. Shobe, P. Conley, Phil Beaver, Donald B. Terheide, and Other Unknown Officers.

Charles D. Hoornstra, Asst. Atty. Gen., James E. Doyle, Atty. Gen., Office of the Atty. Gen., Wisconsin Department of Justice, Madison, WI, for State of Wisconsin amicus curiae.

Daniel B. Dovenbarger, Pamela Carter, Asst. Atty. Gen., Office of the Atty. Gen., Federal Litigation, Indianapolis, IN, for State of Indiana amicus curiae.

Rosalyn B. Kaplan, Asst. Atty. Gen., Roland W. Burris, Mark E. Wilson, Office of the Atty. Gen., Civil Appeals Div., Chicago, IL, for State of Illinois amicus curiae.

Before COFFEY and ROVNER, Circuit Judges, and WILL, District Judge.*

ILANA DIAMOND ROVNER, Circuit Judge.

Driving through an Indianapolis intersection at approximately 12:45 a.m. on August 21, 1992, Robert Hill was struck from the side by an Indianapolis Police Department ("IPD") squad car driven by Officer Wallace Shobe. The injuries Hill sustained in that accident resulted in his death. His parents subsequently filed this lawsuit, on behalf of both their son and themselves, under 42 U.S.C. § 1983, alleging Fourteenth Amendment due process violations. The district court granted defendants' motion to dismiss the Hills' complaint, and the Hills appealed. We dismiss for lack of appellate jurisdiction.

On September 16, 1992, the Hills filed a three-count complaint, which included (1) a section 1983 claim against Shobe, the City of Indianapolis ("City") and the IPD based on Shobe's "intentional and reckless" driving, (2) a section 1983 claim against all defendants alleging that they had conspired to alter the scene of the accident and to deprive Hill of emergency medical care, and (3) a state law wrongful death claim against Shobe, the City and the IPD. On December 21, 1992, the defendants filed a motion to dismiss. They argued that the IPD lacked the capacity to be sued, that the individual defendants were entitled to qualified immunity, that the Hills had failed to state a section 1983 claim, and that the state law claim must therefore be dismissed due to a lack of supplemental jurisdiction.

On March 5, 1993, the Hills filed a "Motion for Partial Voluntary Dismissal" of the wrongful death claim and of the IPD as a defendant. On the same day, the Hills filed an Amended Complaint. The Amended Complaint included these claims: (1) a section 1983 claim against Shobe based on his reckless driving, (2) a section 1983 claim against the City and Police Chief Toler alleging that Shobe's reckless actions resulted from a "policy, practice and custom" of the City and of the IPD to inadequately train officers and to encourage aggressive driving at excessive speeds in non-emergency situations, and (3) the same section 1983 conspiracy claim against all defendants that had appeared in the original complaint. Along with their motion for voluntary dismissal and their Amended Complaint, the Hills filed a response to defendants' motion to dismiss. Although they answered defendants' arguments, which addressed the original Complaint, they framed their discussion in terms of the newly-filed Amended Complaint. They also discussed the brand new policy and practice claim, although defendants' pending motion did not address it.

On March 12, 1993, the district court issued an order dismissing the Complaint. The order stated:

Comes now the Court, upon the Motion of the Defendants, except unknown officers, to Dismiss Plaintiffs' Complaint for Damages....

\* \* \* \* \* \*

And the Court, being duly advised, now finds that said Motion should be GRANTED. The Court finds that Plaintiffs have failed to state a claim upon which relief can be granted as to 42 U.S.C. § 1983, and that Plaintiff has failed to allege any other ground sufficient to confer federal question or diversity jurisdiction upon this Court in this matter. Plaintiff's state law claims are therefore also dismissed, without prejudice, and may be refiled in state court.

Two aspects of that order are noteworthy. First, it addressed the Complaint rather than the Amended Complaint. It not only referred to the "Complaint," but also discussed the state law claims, which had been omitted from the Amended Complaint. Second, it was not accompanied by a final judgment of dismissal as required by Fed.R.Civ.P. 58, although the district court docket does re-

---

\* The Honorable Hubert L. Will of the United States District Court for the Northern District of Illinois, sitting by designation.

flect that the case was "closed" on March 12. In line with that indication, the Hills filed a notice of appeal, referring to "the Order dismissing Plaintiff's Amended Complaint," on April 9, 1993.

 Notwithstanding the Hills' apparent willingness to disregard them, however, the defects in the district court's order raise insurmountable obstacles to appellate jurisdiction. Of course, the requirements of Rule 58 may be waived if it is clear that the district court intended its order to be a final judgment. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 387–88, 98 S.Ct. 1117, 1121, 55 L.Ed.2d 357 (1978); *Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1305 (7th Cir.1988). And the docket entry of "closed" seems to indicate that the court did so intend in this instance. But, although mere technical noncompliance may not necessarily defeat appellate jurisdiction, we must dismiss a case if the district judge has failed to dispose of all pending matters. *Rosser*, 864 F.2d at 1306.

That is clearly true here. Fed. R.Civ.P. 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." Defendants' motion to dismiss does not qualify as a responsive pleading for purposes of that rule. *Ross v. Franzen*, 777 F.2d 1216, 1222 (7th Cir.1985); *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 204 (7th Cir.1985); *Northlake Community Hosp. v. United States*, 654 F.2d 1234, 1240 (7th Cir.1981). Thus, because the defendants had not otherwise responded to the original Complaint, the Hills were entitled to amend their complaint "as a matter of course." The district court necessarily had a corresponding obligation to review the Hills' Amended Complaint. A dismissal of the original Complaint therefore could not possibly constitute a final judgment in this instance. In the absence of a ruling on the Amended Complaint, the case was not "closed," the district court retains jurisdiction, and we are without appellate jurisdiction.

This appeal must be dismissed so that the case may return to the district court for consideration of the Amended Complaint. To enable future appellate review, any dispositive order should reflect the district court's reasoning as well as its holding.