43 F.3d 1474
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jacob SAMPSON, Plaintiff-Appellant,
v.
VILLAGE DISCOUNT OUTLET, INC. and William R. Stinnett,
Defendants-Appellants.
 No. 93-3296.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1994.*
Decided Dec. 16, 1994.
Rehearing Denied Feb. 14, 1995.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Jacob Sampson appeals the dismissal of his complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) and the denial of his motions for default judgment and his request for discovery. He also raises the denial of his motion pursuant to Fed.R.Civ.P. 60(b), which we have previously ruled on. In his complaint, Sampson alleges numerous constitutional violations under 42 U.S.C. Secs. 1981, 1983, 1985(2), (3) and 1986 for denial of his rights under the Fourth, Fifth and Fourteenth Amendments. We affirm.
 
 
 2
 We will first address Sampson's attack on the finality of the lower court's judgment, which affects our jurisdiction to hear his appeal, and related issues concerning his motions for default. First, Sampson claims that the district court erred by denying his first motion for default because he properly served all of the defendants. Second, Sampson claims that the dismissal order in favor of Village Discount Outlet, Inc. ("Village Discount") and William Stinnett, president of Village Discount, is not a final judgment due to the presence of other defendants.
 
 
 3
 Sampson alleges that the denial of his initial motion for default judgment against the defendants violated Fed.R.Civ.P. 55(a), because they had failed to plead or otherwise defend. However, he had failed to properly serve any of the defendants with process.[1] Thus, the district court properly denied the default judgment against Jose Himanis, Said Azim, Matt Doe and Elba Roe because it had no jurisdiction over them. See Harris, 936 F.2d at 303 (reversing district court's denial of Fed.R.Civ.P. 60(b) motion to vacate default judgment on grounds of improper service of process). The court had entered the voluntary appearance of Stinnett and Village Discount, thereby gaining jurisdiction over them one day before Sampson moved for default. The court properly denied the motion for default judgment against them. Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure Sec. 2682 ("If the court has jurisdiction over an action seeking affirmative relief, a default may be entered against any party who fails to plead or otherwise defend within the twenty days allowed by Rule 12(a).").
 
 
 4
 We hold that, despite certain procedural irregularities, the order granting the motion to dismiss the complaint constitutes a final appealable order. Just before the district court ruled on the motion to dismiss, it took under advisement Sampson's renewed motion for partial summary judgment against the unserved defendants. (R. at 14.) The court then issued an opinion and order granting the motion to dismiss by Stinnett and Village Discount. (R. at 15, 16.) However, the court failed to enter judgment in conformity with Fed.R.Civ.P. 58, although the docket sheet notes that the order terminated the case. The order does not specify whether it dismissed the complaint against Stinnett and Village Discount with or without prejudice. Furthermore, the district court also failed to address the motion for limited default judgment.
 
 
 5
 "[T]he dismissal of a complaint is not in itself a final, appealable judgment, since the plaintiff may be entitled to replead or be given leave to replead." Eberhardt v. O'Malley, 17 F.3d 1023, 1024 (7th Cir.1994). However, "it is plain from the tenor of the district judge's opinion ... that the judge intended to terminate the law suit. That is all that is required to give us jurisdiction." Id. at 1024. Although the order does not specify, the district court's dismissal of the claims against Stinnett and Village Discount is assumed to be with prejudice. Paganis v. Blonstein, 3 F.3d 1067, 1071 (7th Cir.1993) (citing Fed.R.Civ.P. 41(b)).
 
 
 6
 Although Sampson had the ability to amend his complaint once as of right under Fed.R.Civ.P. 15(a), he never sought to amend his complaint before the dismissal order. Thus, his case is distinguishable from Hill v. City of Indianapolis, 17 F.3d 1016, 1018 (7th Cir.1994), in which we held that the filing of a request to amend the complaint as of right prior to the district court's dismissal of the original complaint prevented us from finding a dismissal of the entire action without an entry of judgment pursuant to Rule 58. Since the district court's dismissal had effectively terminated the suit, the ability to amend as of right ended as well. Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1111 (7th Cir.1984) (holding that dismissal of action, which, unlike dismissal of complaint, constitutes a final appealable order, terminates right to amend), cert. denied, 470 U.S. 1054 (1985). "If ... it is plain that the complaint will not be amended, ... the order dismissing the complaint is final in fact and we have jurisdiction despite the absence of a formal judgment under Rule 58." Coniston Corp. v. Village of Hoffman Estates, 844 F.2d 461, 463 (7th Cir.1988).
 
 
 7
 The presence of other unserved, non-appearing defendants pose no bar to finality because they are not "parties" to the lawsuit within the meaning of Fed.R.Civ.P. 54. We now follow the majority of circuits that have considered this issue and hold that an order disposing of all claims except those claims against unserved defendants constitutes a final order under 28 U.S.C. Sec. 1291, despite the absence of a certificate pursuant to Fed.R.Civ.P. 54(b).[2] Federal Sav. & Loan Ins. Corp. v. Tullos-Pierremont, 894 F.2d 1469, 1472 (5th Cir.1990) (surveying circuit case law and citing inter alia Bradshaw v. Miners' Bank of Joplin, 81 F. 902, 904 (7th Cir.1897)). Thus, the order left " 'nothing for the district court to do but execute the judgment.' "[3] Paganis, 3 F.3d at 1069 (quoting Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n, 805 F.2d 663, 666 (7th Cir.1986)).
 
 
 8
 Sampson's claim concerning the merits of the dismissal pursuant to Rule 12(b)(6) is frivolous. He argues in his appellate brief little more than that the district court was "unconscionably deceived" by accepting the defendant's arguments. Apart from citing the general principle that his complaint should be liberally construed, he merely asserts that the district court erred by granting the defendants' motion to dismiss for failure to state a claim. He fails to raise any specific legal objections concerning the merits of the court's dismissal until his reply brief, which is too late. Real Estate Data, Inc. v. Sidwell Co., 809 F.2d 366, 376 n. 12. A plaintiff who appeals the dismissal of his or her case must not only claim error, but he or she must also tell us why the district court was wrong. The appellant must "adequately describe his arguments. This court will not do his legal research and analysis." In re Maurice, 21 F.3d 767, 774 (7th Cir.1994) (citing Fed.R.App.P. 28(a)(5)). Although we recognize that Sampson is a pro se appellant, albeit one with a good deal of litigation experience, he must delineate some argument beyond a general assertion of error. See McCottrell v. EEOC, 726 F.2d 350, 351 (7th Cir.1984) ("[P]ro se litigants should anticipate that this court may dismiss an appeal where the brief submitted contains no identifiable argument.").
 
 
 9
 Sampson claims that the "malign influence" of the defense counsel caused the district court to unfairly deny his request to conduct discovery. Neither the record on appeal, nor the docket sheet contain any trace that this motion was ever made or ruled upon on April 30, 1993, apart from a few references to it in memoranda later filed by Sampson. (R. at 12, 38.) Sampson claims he had intended to use discovery to prove "Himanis's true identity." (R. at 12.) However, dismissal of the complaint under Rule 12(b)(6), which did not rely on extraneous evidence or the failure to name defendants, renders the alleged denial of the request moot.
 
 
 10
 Sampson attempts to appeal the denial of his motion under Fed.R.Civ.P. 60(b), in which he accused the defense attorneys of committing fraud on the court by not filing appearances for the unserved defendants until after the court dismissed the complaint and motions for default judgment. We have already summarily affirmed the district court's rejection of this claim. Sampson v. Village Discount Outlet, Inc., No. 93-3775, slip. op. at 1 (Dec. 7, 1993) (unpublished order). Thereafter, Sampson attempted to revive this issue by filing motions for clarification, for sanctions and for rehearing. In a subsequent unpublished order, we advised him that "if he continues to file frivolous motions in this Court, we will either sanction him or enjoin him from further utilization of judicial process." Sampson v. Village Discount Outlet, Inc., No. 93-3775, slip. op. at 2 (Dec. 29, 1993). However, he insists that this claim remains viable and cites Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1185 (7th Cir.1989), which requires district courts to provide both parties notice and opportunity to respond before dismissing sua sponte under Rule 12(b)(6). This argument is not only meritless, because the district court was not acting sua sponte, but he has already raised it in his petition for rehearing, which we denied.
 
 
 11
 The defendants request sanctions against Sampson for making a frivolous appeal. However, we decline to sanction him on this basis, because his claim that the district court did not enter a final judgment against him is not frivolous, unlike his other arguments on appeal. Northwestern Nat'l Ins. Co. v. Baltes, 15 F.3d 660, 664 (7th Cir.1994).
 
 
 12
 The defendants' motion for sanctions is DENIED, and the district court's judgment is
 
 
 13
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Sampson attempted to serve process on all of the defendants by serving process by mail to Stinnett at the Village Discount's offices. Sampson failed to file a notice and acknowledgment of receipt, and thus service was ineffective pursuant to the Federal Rules of Civil Procedure or the law of the State in which the district court is held. Fed.R.Civ.P. 4(c)(2)(C) (1993); Ill.Rev.Stat. ch. 735, p 5/2-203 (Smith-Hurd 1993); Bachenski v. Malnati, 11 F.3d 1371, 1377 (7th Cir.1993). Stinnett's alleged "bad faith" refusal to accept process by mail did not relieve Sampson of the need to make personal service. Adatsi v. Mathur, 934 F.2d 910, 911 (7th Cir.1991); see Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297, 300, 303 (7th Cir.1991) (rejecting district court's test of three factors of "questionable validity," including equitable factor of evasion by refusing to acknowledge service, which court distinguishes from case at hand)
 
 
 [2]
 In Ordower v. Feldman, 826 F.2d 1569, 1572-73 (7th Cir.1987), we expressly declined to decide whether an unserved party bars the finality of an order, because the expiration of both limitations periods for service of process under Fed.R.Civ.P. 4(j) and for filing a new complaint had effectively rendered the dismissal final in fact. However, in the case at hand, Sampson's complaint was dismissed well within the limitations period under section 1983. Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir.1993) (holding that Sec. 1983 claims have two year statute of limitations in Illinois). Thus, he could have filed another complaint and properly served all of the defendants
 
 
 [3]
 After the dismissal order, Sampson renewed the motion for partial default judgment. The court denied the motion on November 18, 1994, (Appellant's Br. at 18a), and the unserved defendants did not make a voluntary appearance until November 23, 1994, (Reply Br. at 10a). We note that this later ruling does not affect the finality of the dismissal of the complaint with respect to Stinnett and Village Center. "[S]ubsequent action regarding the unserved defendant, such as a dismissal, does not prevent a section 1291 final judgment as to all served defendants without a Rule 54(b) certification." Federal Sav. & Loan, Inc., 984 F.2d at 1472