Sallie L. JOHNSON, Plaintiff,

v.

DISTRICT OF COLUMBIA
et al., Defendant.

Civil Action No. 04–0250(RCL).

United States District Court,
District of Columbia.

July 18, 2007.

Mattie P. Johnson, Washington, DC, for Plaintiff.

Jack M. Simmons, III, Office of the Attorney General for the District of Columbia, Washington, DC, for Defendant.

## MEMORANDUM AND ORDER

LAMBERTH, District Judge.

This matter comes before the Court on plaintiff's Motion to Amend her Complaint [24] and her Motion to Compel Arbitration [22]. The Court has considered plaintiff's motions and accompanying memorandum, defendant's opposition thereto [36], plaintiff's reply [39], the applicable law, and the entire record herein. For the reasons set forth below, plaintiff's Motion to Amend her Complaint is hereby GRANTED in part and DENIED in part; her Amended Complaint is DISMISSED for failure to state a claim on which relief can be granted; and her Motion to Compel Arbitration is DENIED.

## BACKGROUND

When she was fired on March 8, 2002, plaintiff Sallie Johnson had worked as a correctional officer with the District of Columbia Department of Human Services Youth Services Administration for thirteen years. (Pl.'s Compl. 2.) At the time, Johnson was represented by the Fraternal Order of Police/Department of Human Services Labor Committee ("the union"), which had succeeded the American Federation of Government Employees ("AFGE") as exclusive union representative for Johnson's bargaining unit. (*Id.*) Recitation of the precise circumstances surrounding Johnson's termination is unnecessary to resolution of the present motions, which turn on her subsequent efforts to challenge that termination through the union and in this Court.

Johnson initiated formal grievance procedures through the union on March 27, 2002 and sought arbitration as provided for in AFGE's collective bargaining agreement ("CBA") with the District. *Johnson v. District of Columbia*, 368 F.Supp.2d 30, 33 (D.D.C.2005) (Lamberth, J.). Over the next several months, Johnson fruitlessly sought information regarding her grievance's progress from the union, but in January 2003, its general counsel advised her that arbitration had resolved the matter in her favor. *Id.* Johnson's counsel later learned this assurance was inaccurate and that Johnson's grievance had not been arbitrated at all. *Id.* In August 2003, she discovered why the grievance's processing had stalled: because the CBA had been signed with the union's predecessor, the District disputed that it remained bound by the agreement's arbitration procedure. *Id.* at 34.

On February 17, 2004, Johnson filed a complaint [1] in this Court against the District of Columbia[1] ("the District") and three individuals in her supervisory chain[2] ("the individual defendants"). *Id.* On March 21,

2005, on the District's motion [5], this Court dismissed [12] five of the complaint's six counts because it found Johnson had failed to exhaust her administrative remedies under the District of Columbia Comprehensive Merit Personnel Act ("CMPA"). *Id.* at 32, 42–43. The Court determined that these five claims either were unripe or alleged conduct for which Johnson could seek relief through arbitration. *Id.* at 44–48. Johnson's suit could not proceed until the union and the District resolved their dispute over the CBA's validity. *Id.* at 50. Then, if the CBA were upheld, Johnson could arbitrate her grievance and pursue administrative appeals. *Id.* If the District nonetheless still refused to arbitrate, Johnson could petition the Public Employee Relations Board ("PERB"), whose jurisdiction under the CMPA "to resolve allegations of unfair labor practices" likely extended to "breach of a collective bargaining agreement." *Id.* at 50 n. 8. Because she had not pursued this administrative avenue to its end, the Court could not hear her claims. *Id.* at 52.

Thereafter, only the second count of Johnson's complaint remained pending. It alleged the individual defendants had conspired to deprive Johnson of her interest in continued employment without due process of law, in violation of 42 U.S.C. section 1985 ("the section 1985 claim"). (Pl.'s Compl. 9.) On August 3, 2005, the individual defendants moved to dismiss [19] this sole remaining claim because Johnson had never properly served them. (Defs.' Mot. to Dismiss 1.) On August 18, Johnson sought additional time to file her opposition [20]. The following day, the Court granted her a ninety (90) day extension [21], until November 17, 2005. On November 22, Johnson filed motions with the Court seeking to compel the District to arbitrate [22], to stay proceedings in federal court pending the latter motion's resolution [23], and to amend her complaint [24]. She

---

1. Johnson's complaint names former District of Columbia Mayor Anthony A. Williams, in his official capacity. (Pl.'s Compl. 1.) On April 8, 2004, the Court granted Williams' motion to substitute the District of Columbia as a defendant. Plaintiff's complaint also names Carolyn W. Colvin, Gayle L. Turner, and George Perkins, each in his or her official capacity. (Pl.'s Compl. 1–2.)

The Court will refer to the District and the official capacity defendants collectively as "the District."

2. Plaintiff's complaint also names Colvin, Turner, and Perkins in their individual capacities. (Pl.'s Compl. 1–2.)

did not, however, oppose the individual defendants' motion to dismiss, and on February 28, 2006, the Court granted [32] this motion because it found she had not established proper service on them.

In that same order, the Court denied Johnson's motion for a stay [3] and ordered the District to respond to her motions to compel arbitration and to amend her complaint. These two motions are now before the Court.

## DISCUSSION

**I. Plaintiff's Motion to Amend her Complaint is Granted in Part and Denied in Part**

### A. Applicable Law

Federal Rule of Civil Procedure 15(a) permits a plaintiff to amend her complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. Pro. 15(a). "[A] motion to dismiss is not ordinarily considered a 'responsive pleading.' " *Confederate Mem'l Assoc. v. Hines*, 995 F.2d 295, 299 (D.C.Cir.1993). Once such a pleading has been served, however, the plaintiff's right of amendment is conditioned on "leave of court or [ ] written consent of the adverse party." *Id.* Rule 15(a) thus ensures that "pleading is [not] a game of skill in which one misstep by counsel may be decisive to the outcome." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Until a responsive pleading is served, "[t]he Federal Rules of Civil Procedure guarantee a plaintiff *an absolute right* to amend [her] complaint once." *James V. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 282 (D.C.Cir.2000) (emphasis added). The plaintiff need only file the amended pleading, and no accompanying motion for leave of court is required.[4] *E.g., Calloway v. Brownlee*, 366 F.Supp.2d 43, 45 n. 2 (D.D.C. 2005) (Walton, J.). *See also* 6 Wright, Miller, & Kane, *Federal Practice & Procedure Civil 2d* § 1482 (1990).

Ordinarily, the plaintiff's absolute right to amend once "would be terminated by a [prior] judgment of dismissal ... [and][t]hereafter, efforts to amend the complaint must first be directed to reopening the judgment." *Cassell v. Michaux*, 240 F.2d 406, 408 (D.C.Cir.1956). Indeed, after a district court has dismissed his suit, a plaintiff who wishes to amend must file "a 59(e) motion to alter or amend [the] judgment combined with a Rule 15(a) motion requesting leave of court to amend [his] complaint." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996). *See* Fed. R. Civ. Pro. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."). If the plaintiff persuades the court to vacate its judgment of dismissal, only then can the court entertain the plaintiff's proposed amendment. *Id.* In doing so, the Court has discretion to deny amendment based on " 'undue delay, bad faith or dilatory motive ... repeated failure to cure deficiencies by [previous] amendments ... [or] futility of amendment." *Firestone*, 76 F.3d at 1208 (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)); *Cassell*, 240 F.2d at 408.

The Court of Appeals' decision in *Cassell* illustrates these principles and will guide this Court's analysis. There, the district court dismissed Count 3 of the plaintiff's complaint with prejudice on statute of limitations grounds. 240 F.2d at 407. The plaintiff moved to amend as to Count 3, while the defendants sought entry of final judgment on that count. *Id.* at 407, 408. Without considering the plaintiff's motion, the district court granted the defendants' motion and finalized its prior order. *Id.* at 408. The D.C. Circuit reversed, holding that because the plaintiff sought leave to amend before final judgment was entered, "it was incumbent upon the court to give adequate consideration" to the merits of his motion. *Id.* The plaintiff filed his motion only after the court had dismissed the count he sought to amend, so on remand,

---

**3.** The Court also denied Johnson's December 2005 motion for reconsideration [28] of the Court's order dismissing her five claims against the District.

**4.** *Cf. Pure Country v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir.2002) ("seeking leave to amend does not, by itself, invoke the court's discretionary authority to deny leave if the amendment would otherwise fall within the purview of the first sentence of Rule 15(a)").

the district court could exercise discretion in granting or denying the amendment. *Id.* But a Rule 59(e) motion was unnecessary because when the plaintiff filed his motion, the court had not yet entered *final* judgment on Count 3. *See id.*

## B. Analysis

In resolving Johnson's present motion to amend, the Court must therefore ascertain: 1) whether it can even consider this motion absent an accompanying Rule 59(e) motion; and 2) if so, whether it has discretion to deny the motion.

### 1. Rule 59(e) Motion Not Required

■ Here, as in *Cassell*, this Court had not entered final judgment on any of Johnson's claims when she moved to amend her complaint, so she had no need to simultaneously file a Rule 59(e) motion.[5] Indeed, at no point did the Court ever direct entry of final judgment or order this case dismissed. *See Johnson*, 368 F.Supp.2d at 52. Yet the District contends Johnson's motion to amend must now be denied as defective because no Rule 59(e) motion accompanies it. (Def.'s Opp. Pl.'s Mot. to Am. Compl. 3–4.) By implication, the District believes the Court's February 28, 2006 order constituted a final judgment. This belief is erroneous for two reasons.

First, as the Court concludes below, plaintiff's amendment as to the individual defendants was one of right, and as no motion was required, it was effectively filed on November 22, 2005 and was thus pending when this Court dismissed the original complaint's final claim three months later.[6] *See, e.g., Calloway*, 366 F.Supp.2d at 45 n. 2 (no motion

required when plaintiff is entitled to amend as a matter of course).

■ Second, though the Supreme Court has observed that no comprehensive definition of "final judgment" exists, finality "in most cases is plain enough." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Generally, "[a] 'final decision' [ ] is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945) (citing *St. Louis I.M. & S.R. Co. v. Southern Express Co.*, 108 U.S. 24, 28, 2 S.Ct. 6, 27 L.Ed. 638 (1883)). In this context, the D.C. Circuit distinguishes between an order dismissing a *complaint* and one dismissing an *action. See Ciralsky v. C.I.A.*, 355 F.3d 661, 666–68 (D.C.Cir.2004). While an order dismissing an action is necessarily final, finality of an order dismissing a complaint depends on the trial judge's expressed intent. *See id.* at 668.

This Court dismissed the last of the counts alleged in plaintiff's original complaint on February 28, 2006 for failure to state a claim. Under Federal Rule of Civil Procedure 41(b), dismissal under Rule 12(b)(6) "operates as an adjudication on the merits." Fed. R. Civ. Pro. 41(b). Yet plaintiff's two motions remained pending, and the Court ordered the District to respond to them. Moreover, the Court conspicuously did not dismiss the suit or expressly enter judgment against Johnson. Hence, under *Ciralsky*, the Court's February 28 order did not impose final judgment,[7] and Johnson was not required to supplement her motion to amend with a Rule 59(e) motion.

---

**5.** *But cf. Fantasia v. Office of the Receiver of the Comm'n on Mental Health Svcs.*, No. 01–1079, 2002 WL 32934137, at *——, 2002 U.S. Dist. LEXIS 27609, at *8–*9 (D.D.C. Mar. 11, 2002) (Oberdorfer, J.) ("after a district court dismisses certain defendants ... *with prejudice*, those defendant[s] ... can be reinstated through the vehicle of an amended complaint only if the plaintiff is also entitled to relief from the *judgment*" pursuant to a Rule 59(e) motion) (emphasis added).

**6.** Though the District argues otherwise, (Def.'s Opp. Pl.'s Mot. to Am. Compl. 4–5), because

Johnson's amended complaint has been pending since November 2005, this case still presents a "controversy" over which the Court has subject matter jurisdiction.

**7.** *See Hill v. City of Indianapolis*, 17 F.3d 1016, 1018 (7th Cir.1994) (where defendants had responded to plaintiffs' complaint with only a motion to dismiss, plaintiffs' motion effected amendment as a matter of course, and district court's subsequent dismissal of the original complaint "could not possibly constitute a final judgment" absent a ruling on the amended complaint).

**6**

### 2. Amendment Within Court's Discretion Only as to the District

Like the plaintiff in *Cassell*, Johnson sought to file a first amended complaint before any defendant had filed a responsive pleading and before this Court had fully disposed of all her claims. As such, Rule 15(a) would ordinarily afford her a right to amend "as a matter of course." Fed. R. Civ. Pro. 15(a). In *Cassell*, because the plaintiff sought to amend only a count that had been dismissed with prejudice, this right had terminated, and the court could exercise discretion in granting or denying him leave to amend. 240 F.2d at 408. Here, however, Johnson sought to amend her single pending count as well as several counts this court had dismissed *without* prejudice, so *Cassell* provides an imperfect analog.[8] (*See generally* Pl.'s Compl.; Pl.'s Am. Compl.)

■ Under Rule 15(a), while her section 1985 claim against the individual defendants remained before the Court, as against them, Johnson could amend her complaint as a matter of course. Hence, Johnson's motion to amend as to the individual defendants must be and is GRANTED. Because leave of court was unnecessary, the Amended Complaint that accompanied it is deemed filed as of November 22, 2005.[9]

Yet when Johnson filed her amended complaint, her claims against the District had been dismissed. Indeed, the District claims it was not then a party to the case.[10] When a plaintiff's first amended complaint asserts claims against defendants who have been dismissed from the suit, some courts have exercised discretion in denying amendment as to those defendants. *See, e.g., Bancoult v. McNamara*, 214 F.R.D. 5, 8–9 (D.D.C.2003)

(Urbina, J.) (granting plaintiff's motion to amend complaint "as a matter of course" as to defendants against whom claims remained pending, but denying the motion as futile as to dismissed defendant).

With some reservations, the Court agrees with this approach. It is well accepted that a plaintiff may add new defendants in amending her complaint "as a matter of course." *See* Fed. R. Civ. Pro. 15(a), (c); 6 Wright, Miller & Kane, *Federal Practice & Procedure Civil 2d* § 1474 (1990). Yet the distinction between naming wholly new defendants and reinstating dismissed defendants, if any exists, is minimal. "The purpose of the amendment as a matter of right provision is to avoid judicial involvement in the pleading process [at a stage] when . . . . it is unlikely that applications for leave to amend would be denied by a judge" for reasons such as undue delay, undue prejudice, or futility. *Id.* § 1480; *Foman*, 371 U.S. at 182, 83 S.Ct. 227. Compared to reinstatement of dismissed defendants, who have been substantially involved with the litigation in the past, naming wholly new defendants seems far more likely to cause delay or prejudice. As such, it is somewhat illogical that leave of court should be requisite to the former but not to the latter.

Still, the Court of Appeals in *Cassell* found that the district court's interlocutory order dismissing Count 3 abrogated the plaintiff's right to amend that count "as a matter of course." 240 F.2d at 408. Thus, once this Court entered its interlocutory order dismissing Johnson's claims against the District, Johnson could no longer amend these claims as a matter of right. The Court has discretion to grant or deny her motion to amend as to the District.

---

8. In *Cassell*, the Court of Appeals read the trial court's dismissal with prejudice as indicating "it tentatively agreed . . . that the claims of Count 3 were *barred* by the statute of limitations." 240 F.2d at 408 (emphasis added). This Court dismissed five of Johnson's claims not because they could *never* be brought but because she had brought them prematurely, without having exhausted her administrative remedies. *See Johnson*, 368 F.Supp.2d at 44–48.

9. This Court's Local Rules provide that an "amended pleading shall be deemed to have been filed and served by mail on the date on

which the order granting the motion is entered." Local Rule 15.1. Amendment "as a matter of course" does not require a motion and thus does not depend on an order from the court. *See, e.g., Calloway*, 366 F.Supp.2d at 45 n. 2. Hence, Johnson's amended complaint falls outside the ambit of this rule.

10. The Court's Minute Order of July 21, 2005 directed the Clerk of the Court to correct a docket entry listing the District as a filing party because the District "was dismissed as a defendant in this case by the Court's Order issued 3/21/2005." (Minute Order of Mar. 21, 2005.)

### 3. Amendment as to the District Denied as Futile

When amendment falls to the court's discretion, Rule 15(a) provides that "leave shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a). As the Supreme Court has sternly directed, "this mandate is to be heeded." *Foman*, 371 U.S. at 182, 83 S.Ct. 227. Thus, "[i]f the underlying facts and circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* But "if the proposed claim[s] would not survive a motion to dismiss," the district court "may deny a motion to amend [the] complaint as futile." *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C.Cir.1996).

Here, the claims against the District in Johnson's amended complaint suffer from the same flaw that fatally afflicted her original complaint. In its March 21, 2005 order, this Court dismissed five of the six claims in plaintiff's complaint because she had failed to exhaust her administrative remedies under the CMPA. *Johnson*, 368 F.Supp.2d at 32, 42–43. The CMPA provides that a District of Columbia government employee may challenge her termination in either of two ways: 1) by appeal to the Office of Employee Appeals ("OEA"), and from there to D.C. Superior Court; or 2) by any alternative procedure delineated in a collective bargaining agreement between the District and the employee's union. *See id.* at 37 (citing D.C.Code §§ 1–601.1 *et seq.* (1981)). The employee may appeal an arbitration award obtained through the CBA procedure to the PERB, and from there to D.C. Superior Court. *Id.* at 37–38. Relying on the D.C. Court of Appeals' determination that the CMPA is "the exclusive remedy for a District of Columbia public employee who has a work related complaint of any kind," *Robinson v. District of Columbia*, 748 A.2d 409, 411 (D.C. 2000), this Court held itself bound to "apply the CMPA's exhaustion requirement strictly," *Johnson*, 368 F.Supp.2d at 43. In examining the five challenged claims, the Court concluded each could be redressed through the grievance arbitration process Johnson initially elected.[11] *Id.* at 44–48.

Johnson's amended complaint restates two of these five claims—for defamation and intentional infliction of emotional distress—and repackages two others.[12] The original complaint's first cause of action alleged the District had violated her procedural due process rights under the CMPA and CBA "by giving Ms. Johnson an untimely and defective fifteen (15) day advance notice of proposal to remove her from her position." (Pl.'s Compl. 8–9.) Its fifth cause of action alleged the District had "intentionally, deliberately, and with malice" denied her the "opportunity to clear her name and to protect her property interest in her continued employment" by refusing to arbitrate her grievance. (*Id.* at 12–13.)

Similarly, the amended complaint's third cause of action alleges the District violated Johnson's procedural due process rights "by terminating her pursuant to an untimely notice and refusing to participate in arbitration in violation of the [CBA]." (Pl.'s Am. Compl. 15.) Its first and second causes of action allege breach of contract through termination

11. Johnson now argues that the CMPA does not provide an exclusive remedy for her common law claims and that administrative exhaustion should not be required as to them. (Pl.'s Reply 7–8.) To support this proposition, she offers a D.C. Court of Appeals case holding that an employee covered by the CMPA who suffers injury or death and receives disability or death benefits may bring common law claims against the District. *See Newman v. Dist. of Columbia*, 518 A.2d 698 (1986). Yet that decision in no way indicates the employee need not have first exhausted his administrative remedies. *See id.* More to the point, in a subsequent case, the D.C. Court of Appeals held that an employee must exhaust his remedies under the CMPA before bringing claims

against the District for, *inter alia*, defamation and intentional infliction of emotional distress. *See Robinson v. Dist. of Columbia*, 748 A.2d 409 (2000). *See also Thompson v. Dist. of Columbia*, 428 F.3d 283, 288 (D.C.Cir.2005) (applying *Robinson*).

12. The Court also dismissed the original complaint's wrongful termination claim, which contended that official security lapses and neglect outside Johnson's control had "facilitated" the incident for which she was fired. *Johnson*, 368 F.Supp.2d at 45–46. (*See* Pl.'s Compl. at 11–12.) Johnson's amended complaint does not resurrect this claim. (*See generally* Pl.'s Am. Compl.)

without adequate notice and refusal to arbitrate. (*Id.* at 9–11.)

Regardless of which legal theory she espouses, Johnson's claims against the District rest on the same underlying conduct as those in the original complaint [13]—conduct for which this Court determined she could pursue an administrative remedy under the CMPA. *Johnson*, 368 F.Supp.2d at 44–45.

In her original complaint, Johnson contended she was unable to complete the arbitration process because the District disputed the CBA arbitration provision's validity. *Johnson*, 368 F.Supp.2d at 45. This Court assumed the dispute was in good faith and that if it were resolved in the union's favor, the District would arbitrate Johnson's grievance per the CBA procedure. *Id.* at 50. Until then, Johnson could not seek relief in federal court because she could demonstrate neither administrative exhaustion through completion of the grievance process nor that resort to administrative remedies would be futile. *See id.* at 45, 49–50.

Johnson's amended complaint attempts to plead futility by alleging that the dispute has been resolved and that the District still refuses to engage in arbitration. (*See* Pl.'s Am. Compl. at 39–40.) Specifically, she describes two arbitration proceedings brought by other employees in which the District "voluntarily submitted . . . the issue of whether [it] had an obligation to arbitrate every grievance" to the arbitrators. (*Id.* at 14.) Both arbitrators found that the CBA was valid and enforceable and obligated the District to arbitrate employee grievances.[14] (*Id.* at 8, 14.) The District appealed both decisions to the PERB, claiming the arbitrators "were without authority and exceeded their jurisdiction

in finding that" that it was bound by the CBA and thus obligated to arbitrate. (*Id.* at 8–9, 14.) After reviewing the decisions, the PERB determined: "neither Arbitrator exceeded his or her authority or jurisdiction, and their findings were based on a thorough analysis and cannot be said to be clearly erroneous." (*Id.* at 14.) In a footnote, Johnson notes that the District appealed the PERB's decision to the D.C. Superior Court, which granted the union's motion to dismiss on October 3, 2003. (*Id.* at 14 n. 2.) She contends the District "still refuses to participate in arbitration of [her] grievance." (*Id.* at 15.)

Johnson thus seeks to dispel the assumption—on which this Court's March 21, 2005 order relied—that if the contract dispute were resolved in the union's favor, the District would arbitrate Johnson's grievance per the CBA procedure. *Id.* at 50. She attempts to plead that the District has rendered administrative exhaustion impossible and that as a result, she must seek a remedy in federal court. Unfortunately, Johnson has not fully answered the concerns expressed in this Court's March 21, 2005 opinion. In particular, the Court explained that

> even if . . . the District refuses to abide by a valid term of the collective bargaining agreement, it is likely that the plaintiff could seek [to] petition the PERB for relief. As was mentioned above, the PERB has jurisdiction to resolve allegations of unfair labor practices, and breach of a collective bargaining agreement is likely to come within that jurisdiction. In any event, the PERB has primary jurisdiction to determine what claims are within its

---

13. To remedy this conduct, Johnson originally asked the Court to: 1) dismiss the "advance notice of proposed removal as untimely and in violation of her due process rights"; 2) declare the final removal notice "null and void"; 3) order the District to remove "any derogatory comments concerning her employment performance" and any reference to the incident for which she was fired from her personnel file; 4) order the District to return "all money deducted from her payroll for union dues, with interest"; and 5) award compensatory and punitive damages. (Pl.'s Compl. at 9, 13–14.) Johnson now seeks this same relief along with "any grade and step increase she would have receive[d] but for

her employer's illegal actions," costs, and attorney fees. (Pl.'s Am. Compl. at 10, 16.)

14. Paragraph 39 explicitly states: "Neither Arbitrator Hocchauser nor Shapiro find [sic] that the Agency had a duty to arbitrate under AFGE Local 383 (Pl. *Ex.* 'C' & *Ex.* 'D')." Reading this sentence in context, and comparing it to the argument in plaintiff's reply memorandum, the Court concludes plaintiff intends it to mean that *both* Arbitrators Hochauser *and* Shapiro *found* the Agency had a duty to arbitrate under *the collective bargaining agreement signed by AFGE* and will treat it accordingly.

jurisdiction to resolve, such that remand to the agency is required regardless of the Court's views about the proper way to categorize such a complaint. *Id.* at 50 n. 8. Thus, the Court characterized appeal to the PERB as "Johnson's appropriate remedy" in the present situation. *Id.* at 45 n. 5.

In her reply to the District's opposition to her motion, Johnson cites two D.C.Code sections for the proposition that the "PERB has no authority or jurisdiction to [redress] the Plaintiff's claims." (Pl.'s Reply 6.) The quoted statutory language is inapposite: under the doctrine of primary jurisdiction, the PERB, alone, can determine whether it has such authority. *See Johnson*, 368 F.Supp.2d at 45 n. 5 (citing *United States v. W. Pac. Ry. Co.*, 352 U.S. 59, 63–64, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956) for its explanation of primary jurisdiction). Only if the PERB concludes that the District's refusal to comply with the CBA's arbitration provision falls outside its jurisdiction can Johnson seek relief in federal court.

Because this Court may not grant relief on the claims against the District in Johnson's amended complaint, her motion to amend her complaint as to the District is DENIED as futile.

## II. The Court Dismisses Plaintiff's Amended Complaint for Failure to State a Claim

██ The D.C. Circuit has held that "it is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources" for a district court to *sua sponte* dismiss a plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) " 'where the claimant cannot possibly win relief.' " *Baker v. Director, United States Parole Com.*, 916 F.2d 725, 726 (D.C.Cir. 1990) (per curiam) (quoting *Omar v. Sea–Land Svc., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987)).

Because Johnson was entitled to amend her complaint as to the individual defendants as a matter of right, this Court was without power to deny her amendment. Yet as the Court found when it first dismissed her claim against them over a year ago—two full years after Johnson filed her complaint—nothing indicates these defendants were ever properly served, and Johnson makes no attempt to rebut this conclusion in her reply memorandum. (Order of Feb. 28, 2006; *see generally* Pl.'s Reply.) Hence, plaintiff's amended complaint is hereby DISMISSED as to the individual defendants.

## III. The Court Denies Plaintiff's Motion to Compel Arbitration

██ The same doctrines of administrative exhaustion and primary jurisdiction that compelled the Court to deny amendment as to the District also render her motion to compel arbitration unripe for judicial disposition. The CMPA empowers the PERB to, *inter alia*, "[d]ecide whether unfair labor practices have been committed and issue an appropriate remedial order." D.C.Code § 1–605.02(3) (2007). As the Court stated in its March 21, 2005 opinion, "appeal to the PERB on the grounds that the District's refusal to abide by a valid collective bargaining agreement constitutes an unfair labor practice" is Johnson's "appropriate remedy" at this stage. *Johnson*, 368 F.Supp.2d at 45 n. 5. Should the PERB rule in Johnson's favor, the CMPA authorizes it to issue "an appropriate remedial order"—that is, an order compelling the District to arbitrate plaintiff's grievance.[15] *See* D.C.Code § 1–605.02(3) (2007). Should the PERB determine instead that the District's refusal to arbitrate is *not* an unfair labor practice, then no administrative relief will be available to Johnson, and she may file a motion to compel arbitration in the appropriate court.[16] Hence, plaintiff's motion to compel arbitration is DENIED.

---

**15.** Under the CMPA, the PERB may "[s]eek appropriate judicial process to enforce its orders and otherwise carry out its authority." D.C.Code § 1–605.02(16) (2007).

**16.** Johnson's motion to compel arbitration cites the District of Columbia Arbitration Act. *See*

D.C.Code §§ 16–4301 *et seq.* (2007). Having dismissed her amended complaint, this Court would likely lack subject matter jurisdiction to order arbitration between Johnson, a District of Columbia resident, and the District pursuant to a District of Columbia statute.

## CONCLUSION

For the forgoing reasons, this Court concludes that plaintiff is entitled to her amend her complaint as a matter of right as to defendants Colvin, Turner, and Perkins. Amendment as to the District is within the Court's discretion, and the Court has determined it would be futile, and it is therefore DENIED. Hence, plaintiff's motion to amend her complaint [24] is GRANTED in part and DENIED in part. To the extent permitted, plaintiff's amended complaint is deemed filed, as to the claims against defendants Colvin, Turner, and Perkins, as of November 22, 2005.

Because plaintiff has never established proper service on defendants Colvin, Turner, and Perkins, however, her amended complaint [24] is DISMISSED.

Finally, for the reasons stated, plaintiff's motion to compel arbitration [22] is DENIED.

Having resolved all pending motions and dismissed plaintiff's amended complaint, the Court orders this case DISMISSED. This is a final, appealable order.

SO ORDERED.